FILED

2007 Dec-03  PM 03:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PROGRESSIVE SPECIALITY          }
INSURANCE COMPANY, et al.       }
                                }
        Plaintiffs,             }         CIVIL ACTION NO.
                                }         07-AR-0065-S
                                }
v.                              }
                                }
SAADIA TARIQ, et al.            }
                                }
        Defendants.             }

**MEMORANDUM OPINION**

Before the court is the motion of plaintiffs, Progressive Speciality Insurance Company and Progressive Northern Insurance Company (collectively referred to as "Progressive"), for summary judgment against all defendants. Default has previously been entered against defendants Saadia Tariq ("Tariq") and Malik Arif ("Arif"). Donna Griffith, who is suing Tariq and Arif separately in state court, is also a defendant in this action. No defendant has responded to Progressive's motion.

**Facts**

This declaratory judgment action arises out of an automobile accident that is the subject of Griffith's pending state court action[1] against Tariq and Arif. Progressive seeks a declaration

---

[1] The state court action is styled *Donna Griffith v. Saadia Tariq and Arif Malik*, CV-05-5693 (Cir. Ct. of Jefferson County, Alabama).

1

that Tariq and Arif are not entitled to coverage under their Progressive automobile liability policies in connection with the accident at issue in the state court case. Progressive also seeks a declaration that the policies do not cover any punitive damages.

Griffith filed a complaint in the Circuit Court of Jefferson County, Alabama on September 26, 2005, against Tariq and Arif seeking damages for their alleged negligence/wantonness during a February 23, 2004 automobile accident in Hoover, Alabama that resulted in injuries to her. Progressive alleges that Tariq was driving Arif's vehicle at the time the accident occurred. Both Tariq and Arif were covered by separate automobile liability policies issued by Progressive. The policies provided liability coverage for bodily injury or property damage for which an insured is legally liable because of an accident.

### Summary Judgment Standard

In considering a Rule 56 motion, the court must construe the evidence and make factual inferences in the light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 1608 (1970). The court can enter summary judgment only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511 (1986) (citations omitted). "The movant 'bears the initial responsibility of informing the district court of the basis of its motion' by identifying those portions of the record that demonstrate the absence of genuine issues of material fact." *Baldwin County, Ala. v. Purcell Corp.*, 971 F.2d 1558, 1563 (11th Cir. 1992) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986)). Thereafter, the burden shifts to the nonmovant to produce evidence to rebut this showing. *See Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553.

## Analysis

Progressive argues that it is not required to defend or indemnify Tariq and Arif in connection with the state court action because: 1) they failed to attend their scheduled examinations by Progressive as required under their policies, and 2) Tariq was delivering newspapers for compensation at the time of the accident, triggering an exception to coverage. Progressive also notes that both policies exclude coverage for punitive damages.

Progressive has provided evidence, in the form of transcripts, to show that neither Tariq nor Arif appeared for their scheduled examinations under oath by Progressive, as they had a duty to do under their policies. "An insurance company is entitled to require an insured to submit to an examination under oath as part of its claims investigation process." *Nationwide Ins. Co. v. Nilsen*, 745

3

So. 2d 264, 266 (Ala. 1999); *see also United Ins. Co. of Amer. v. Cope*, 630 So. 2d 407, 411 (Ala. 1993) ("[T]he obligation to pay or to evaluate the validity of the claim does not arise until the insured has complied with the terms of the contract with respect to submitting claims."). By failing to submit to the examinations under oath, as is undisputed, Tariq and Arif did not meet one of the conditions precedent to Progressive's providing coverage under the policies.

Progressive has also provided a copy of a portion of Tariq's deposition in which he admits that he was delivering newspapers for compensation at the time of the accident. Both policies have express exclusions providing that coverage will not be afforded if an automobile accident occurs while the covered vehicle is being used to deliver newspapers for compensation. The "use for profit" exclusion has been recognized as valid under Alabama law. *See Johnson v. Allstate Ins. Co.*, 505 So. 2d 362 (Ala. 1987).

Because Tariq and Arif have made no effort to contradict Progressive's evidence showing that they from failed to appear for their scheduled examinations and that the covered vehicle was being used to deliver newspapers for profit at the time of the accident, Progressive is entitled to the declaratory judgment it seeks. Tariq and Alif are not entitled to coverage under their Progressive policies in connection with the accident giving rise to Griffith's state court action. Having concluded that Progressive is not

obligated to defend or indemnify Tariq and Arif, the court does not reach the issue of whether the policies cover punitive damages.

Inasmuch as defendants have failed to produce any evidence or argument to rebut Progressive's showing that no genuine issue of material fact exists as to any issue, Progressive's motion for summary judgment, exclusive of the punitive damages issue, will be granted by separate order.

DONE this 3rd day of December, 2007.


WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE